UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

STEVEN HIRSCH,
                      Plaintiff,

- against -

INDO-US MEDIA, INC.,
                      Defendant.

Docket No. 17-cv-02467

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff Steven Hirsch ("Hirsch" or "Plaintiff"), by and through his undersigned counsel, as and for his Complaint against Defendant Indo US Media Inc. ("IUMI" or "Defendant") hereby alleges as follows:

### NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act and the removal/alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of a copyrighted photograph of Queens politician Celia Dosamantes owned and registered by Hirsch, a New York City-based photojournalist. Accordingly, Hirsch seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

### JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant resides in and/or is doing business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Hirsch is a professional photojournalist in the business of licensing his photographs to online, print, and television media outlets for a fee, having a usual place of business at 280 E. 10th Street, Apt. 29, New York, NY 10009. Hirsh's photographs have appeared in many publications around the United States.

6. Upon information and belief, IUMI is a corporation duly organized and existing under the laws of the State of New York, with a mailing address of P.O. Box. 190067, South Richmond Hill, New York, 11419. Upon information and belief, IUMI is registered with the New York State Division of Corporations to do business within the State of New York. At all times material hereto, IUMI has owned and operated a website at the following URL: www.theindianpanorama.news (the "Website").

## STATEMENT OF FACTS

**A. Background and Plaintiff's Ownership of the Photograph**

7. On September 6, 2016, Hirsch photographed Queens politico Celia Dosamantes (the "Photograph"). A true and correct copy of the Photograph is attached hereto as Exhibit A.

8. Hirsch then licensed the Photograph to the New York Post (the "Post"). On September 6, 2016, the Post ran an article that featured the Photograph on its web edition entitled, *Queens woman arrested for forging campaign donations*. See http://nypost.com/2016/09/06/queens-woman-arrested-for-forging-campaign-donations/. Hirsh's

name was featured in a gutter credit identifying him as the photographer of the Photograph. A true and correct copy of the Photograph in the article is attached hereto as Exhibit B.

9. Hirsch is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

10. The Photograph was registered with the U.S. Copyright Office and was given Copyright Registration Number VA0002032152.

**B.     Defendant's Infringing Activities**

11. Upon information and belief, on or about September 9, 2016, IUMI ran an article on the Website entitled *Young Politico of Queens arrested for faking donations to campaign fund*. See https://www.theindianpanorama.news/unitedstates/young-politico-queens-arrested-faking-donations-campaign-fund-68861/#.WHzyvbYrLuT. The article prominently featured the Photograph. A true and correct copy of the article is attached hereto as Exhibit C.

12. IUMI did not license the Photograph from Plaintiff for its article, nor did IUMI have Plaintiff's permission or consent to publish the Photograph on its Website.

13. Upon information and belief, IUMI removed Hirsch's gutter credit and did not attribute the Photograph to anyone.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST IUMI)**
**(17 U.S.C. §§ 106, 501)**

14. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-13 above.

15. IUMI infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph on the Website. IUMI is not, and has never been, licensed or otherwise authorized to reproduce, publicly display, distribute and/or use the Photograph.

16. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

17. Upon information and belief, the aforementioned acts of infringement by IUMI have been willful, intentional, and purposeful, in disregard of and with indifference to Plaintiff's rights.

18. As a result of Defendant's infringement of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to recover his damages and Defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

19. Alternatively, as a result of Defendant's willful infringement of the Photograph, Plaintiff is entitled to recover statutory damages of up to $150,000 per work infringed pursuant to 17 U.S.C. § 504(c).

20. Plaintiff further is entitled to recover his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

21. Defendant's conduct, described above, is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated or measured in money damages. Plaintiff has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
## INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST IUMI
### (17 U.S.C. § 1202)

22. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-21 above.

23. When the Photograph was published in an article in the Post, the article contained copyright management information under 17 U.S.C. § 1202(b).

24. Upon information and belief, in its article on the Website, IUMI intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photograph.

25. The conduct of IUMI violates 17 U.S.C. § 1202(b).

26. Upon information and belief, IUMI's falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

27. Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by IUMI intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photograph. IUMI also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal its infringement of Plaintiff's copyrights in the Photograph.

28. As a result of the wrongful conduct of IUMI as alleged herein, Plaintiff is entitled to recover from IUMI the damages that he sustained and will sustain, including his attorney's fees and costs, and any gains, profits and advantages obtained by IUMI because of its violations of 17 U.S.C. §1202.

29. Alternatively, Plaintiff may elect to recover from IUMI statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of at least $2,500 and up to $25,000 for each violation of 17 U.S.C. § 1202.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant IUMI be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. The Defendant IUMI be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202;

3. That, with regard to the First Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

4. That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $ 25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

5. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

6. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

7. That Plaintiff be awarded pre-judgment interest; and

8. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: April 25, 2017
       Valley Stream, New York

                                     LIEBOWITZ LAW FIRM, PLLC

                                     By: /s/   Kamanta C. Kettle
                                            Kamanta C. Kettle

                                            Kamanta C. Kettle
                                            11 Sunrise Plaza, Suite 305
                                            Valley Stream, New York 11580
                                            Telephone:  (516) 233-1660
                                            KK@LiebowitzLawFirm.com